Judge Trimble
delivered the opinion of the Court.
THIS was an action of debt, brought by Calk against William Chiles and Thomas Fletcher, on a bond executed under the act of assembly requiring non-resident plaintiff, to give bond and security for costs.
The condition of the bond, as recited in the dcclara.tion, is in the following words: “ The condition of the abore obligation is such, that whereas the said William Lynn, Isaac Lynn, Agnes Lynn, Andrew Lynn and Nancy Corbly, being non-reaidents, have commenced an action on the ejectment in the Montgomery circuit court, against the said William Calk: Now, if the said Lynns, &c. and Chiles, shall well and truly pay all fees which shafl accrue on said ejectment, to all officers of this court, then the above obligation to be void; else to remain in full force and virtue.”
And the breach assigned in the declaration is in the following words: “ And the plaintiff avers, that the said defendants, nor the said Lynns, &c. lessors, have not paid the said plaintiff all fees which he is entitled to in said suit, which fees amount t.o $100; and the plaintiff avers he was successful as defendant in said ejectment, and defeated the plaintiff, of which the defendants had due notice in said suit.”
The sheriff returned the writ, executed upon Chiles; and, as to Fletcher, that he was no inhabitant of the county.
Chiles appeared to the action, and pleaded covenants performed, concluding to the country; upon which the plaintiff took issue. A jury were sworn to try the issue joined between the parties, who found a verdict in favor of the plaintiff, for $69 50 cents in damages, and judgment was rendered thereon against the defendant.
From that judgment the defendant prosecutes this writ of error; and the first question made by the assignment of errors, is, whether the declaration contains a good cause of action, or not.
That the declaration is totally defcclive, there can be no doubt. The condition of the bond is, that the lessors of the plaintiff and Chiles shall pay all fees which *30 shall.accrue ou said ejectment, to all officers of the court.
Assignment of breach of the condition, of 9uch a bond, thatob-ligor had failed to pay de-fendantin the first suit all ices to which .he was entitled, is insufficient.
Mandate for leave to be allowed plain-lift’ to amend his declaration; otherwise judgment to be entered a-gaiust him.
Sharp, for plaintiff; Triplett, {or defendant.
And the breach assigned is, that they have not paid to theplainiiff all fees which Ae is entitled to in the suit..
The breach assigned does not allege any violation of the condition of the bond. A failure to pay to the plaintiff all fees which he is entitled to in the suit, is no violation of the undertaking to pay all fees which shall accrue to the officers of the court.
Upon the ground, therefore, that the declaration is defective, the judgment is erroneous and must be reversed.
The other points made by the assignment of errors relate principally to the regularity of the proceedings in the court below, and as they will not probably arise on a second trial of the cause, it is deemed unnecessary further to notice them.
The judgment is reversed, and the cause remanded, with directions to the court below to permit the plain-tiffin that court to amend his declaration, if he applies for leave to do so; but if he fails to make such application, then judgment is to be rendered for the defendant.
The plaintiff in error must recover his costs in this court.